Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff Spy Optic, Inc.*

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPY OPTIC INC., a California Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and<br>DOES 1-10,<br><br>     Defendants. | CASE NO. 2:17-CV-04532-JFW-JC<br><br>**ORDER RE PERMANENT INJUNCTION AND DISMISSAL OF ACTION WITH PREJUDICE AS TO TIAN HONG LAN A/K/A DEFENDANT IDENTIFIED AS EBAY USER ID RICH-FIVE** |

  **Plaintiff Spy Optic, Inc.** ("Spy Optic" or "Plaintiff") having filed a Complaint in this action charging **Defendant Tian Hong Lan (**田红兰**)** identified in Schedule A by eBay user ID **rich-five** and associated PayPal Account e-mail address koyotaup@163.com arising from the advertisement, offering for sale, and sale of products bearing counterfeit reproductions of Spy Optic's federally registered SPY Marks ("Counterfeit Products") on eBay.com ("eBay").

  **WHEREAS**, the parties herein have simultaneously entered into a confidential Settlement Agreement and Mutual Release;

  **WHEREAS** Spy Optic and Tian Hong Lan (田红兰) - the owner and operator of eBay user ID **rich-five** and associated PayPal Account e-mail address

koyotaup@163.com have stipulated to the below terms, IT **IS HEREBY ORDERED** that:

1. Defendant and its agents, servants, successors and assigns are hereby immediately and permanently restrained and enjoined from:

(a) manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, selling or offering to sell products bearing Spy Optic's federally registered "SPY Marks" identified below:

| Trademark | U.S. Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| **SPY** | 1,981,513 | 06/18/1996 | Glasses and Sunglasses |
| | 3,700,605 | 10/27/2009 | Bags; Namely, Backpacks and Sport Bags |
| | 3,750,166 | 02/16/2010 | Retail Store Services and On-line Retail Store Services Featuring Sunglasses, Sport Goggles, and Wearing Apparel |
| **SPY OPTIC** | 3,218,701 | 03/13/2007 | Wearing Apparel; Namely T-Shirts, Shirts, Sweatshirts, Pants, Shorts, Jackets, Hats, Visors, Caps, Belts and Shoes |
| | 3,468,936 | 07/15/2008 | Sunglasses and Sports Goggles |
| (logo) | 2,157,268 | 05/12/1998 | Sunglasses |
| | 3,648,121 | 06/30/2009 | Bags; Namely, Backpacks and Sport Bags |

(b) moving, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the SPY Marks;

  (c) using any reproduction, counterfeit, copy, or colorable imitation of the SPY Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

  (d) using any logo and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Spy Optic;

  (e) falsely representing Defendant as being connected with Spy Optic, through sponsorship or association;

  (f) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Spy Optic;

  (g) Challenging the validity, enforceability, and/or Spy Optic's ownership of SPY Marks;

  (h) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 1(a) through 1(g) above.

 2. This Court has jurisdiction over the parties herein and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

 3. The execution of this stipulation shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action as to the Defendant identified herein shall not have preclusive effect on those who are not a party to this stipulation or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

 4. PayPal, Inc. ("PayPal") is ordered to (1) disburse the funds of Defendant restrained pursuant to the Court's Orders, dated June 22, 2017 and July 6, 2017 (Docket #19) as directed by Plaintiff's counsel; and (2) upon transfer of the funds as required herein, PayPal shall remove any restraints that were placed on Defendant's PayPal account pursuant to said Court Orders and return Defendant's account back to

an unrestrained status in accordance with PayPal's operating procedures and contract for services with Defendant.

5. Spy Optic shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof..

6. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Stipulation/Order.

8. Except as otherwise provided herein, this action is fully resolved and dismissed with prejudice as to Tian Hong Lan (田红兰) a/k/a Defendant identified as Ebay User ID rich-five only.

DATED: August 7, 2017

_____
Hon. John F. Walter
**United States District Judge**